UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICKIE M. STRINGER,

Plaintiff,

-v-

KENSINGTON PUBLISHING CORP.,

Defendant.

---

25-CV-8737 (JMF)

MEMORANDUM OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

On October 21, 2025, Plaintiff Vickie M. Stringer, proceeding without counsel, filed this action against Defendant Kensington Publishing Corp. ("Kensington"). ECF No. 1. On May 8, 2026, the Court directed the parties to appear for a telephonic initial pretrial conference on June 17, 2026. *See* ECF No. 29. After Stringer failed to appear at that conference, the Court rescheduled the conference to June 25, 2026, and required that the parties appear in person. *See* ECF No. 32 ("OTSC"). The Court cautioned that, "[i]n the event that Plaintiff fails to appear at the June 25, 2026 conference, she shall show cause in writing, no later than July 2, 2026, why the case should not be dismissed for failure to prosecute and/or as a sanction for failure to comply with the Court's orders." *Id.* (emphasis omitted). Despite that warning, Stringer once again failed to attend. But because she filed a letter before the Court's July 2, 2026 deadline expressing an intent to continue prosecuting this action, *see* ECF No. 33 ("Pl.'s Ltr."), the Court "grant[ed] [Stringer] one final opportunity to attend the initial pretrial conference in this action" and rescheduled it for yesterday, July 15, 2026. ECF No. 35, at 1 (emphasis omitted). The Court explicitly cautioned that "if Plaintiff fails to appear at the July 15, 2026 conference, the case will be dismissed for failure to prosecute and/or as a sanction for failure to comply with the Court's

orders." *Id.* (emphasis omitted). Yet, Stringer once again failed to attend.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004). Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *Drake*, 375 F.3d at 251. In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

In this case, Stringer has been on notice since she first missed the initial pretrial conference that her continued failure to appear and to comply with the Court's scheduling orders could result in dismissal. *See* OTSC; *see also* ECF No. 34 ("Defs.' Ltr."), at 4 (indicating that she was aware of the Order rescheduling the June 17, 2026 conference for June 25, 2026). And, importantly, when she failed to attend the initial conference for the second time, the Court clearly and unambiguously warned her that she was being given "one final opportunity to attend the initial pretrial conference in this action," and that her failure to attend would result in dismissal "for failure to prosecute and/or as a sanction for failure to comply with the Court's

orders." ECF No. 35, at 1 (emphasis omitted); *see also* ECF No. 37, at 3 (indicating that she was aware of the Court's Order rescheduling the June 25, 2026 conference for July 15, 2026). Following this warning, however, Stringer failed to attend the initial conference for the third time.

Of note, the Court gave Stringer a final opportunity to attend the initial conference despite the fact that her response to the Court's June 17, 2026 Order to Show Cause contained dubious — if not outright false — representations regarding her failure to attend the second attempted initial conference. In that response, Stringer claimed, for example, that it was her "first missed appearance in these proceedings" and that circumstances largely beyond her control "left [her] completely unaware that a hearing had been set." Pl.'s Ltr. 2. But, as noted, it was her second missed appearance. And the record shows that Stringer was aware that a conference had been scheduled for June 25, 2026 because, just one day before that conference, she had emailed defense counsel asking for "the specific details and access links for *tomorrow's hearing on June 25, 2026*." Defs.' Ltr. 4 (emphasis added). In addition, although Stringer attempted to attribute her non-appearance in part to her allegedly "mistaken assumption" that she did not need to consent to electronic service in this action because she had already done so for other matters pending in this District, Pl.'s Ltr. 2, Stringer had actually consented to electronic service in this case on April 21, 2026, *see* ECF No. 27 — that is, before the Court had even scheduled the initial pretrial conference for the first time, *see* ECF No. 29.

Stringer's continued noncompliance with the Court's scheduling orders has delayed the proceedings and burdened both the Court and Kensington. More fundamentally, the Court cannot advance this case in the absence of Stringer. In light of Stringer's apparent total unwillingness to comply with the Court's orders and the Court's inability to proceed without

Stringer's participation, the Court dismissed the case on the record at the conference held yesterday, with this Order to follow. However, given Plaintiff's *pro se* status, the Court finds that dismissal without prejudice is more appropriate than dismissal with prejudice. *See Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (finding that "the lesser sanction of dismissal without prejudice . . . is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants" (internal quotation marks omitted)). If Stringer attempts to reopen or refile this action, however, Kensington may reraise the issue of whether monetary sanctions against her are warranted.

Accordingly, it is hereby ORDERED that the case is dismissed without prejudice for failure to prosecute. The Clerk of Court is directed to close the case. As Plaintiff previously consented to receive electronic notice via the ECF system, *see* ECF No. 27, there is no need to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: July 16, 2026
New York, New York

JESSE M. FURMAN
United States District Judge